UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID KNOLL,

                        Plaintiff,

    v.                                                      DECISION AND ORDER
                                                                   02-CV-692A

HAROLD SCHECTMAN, TED KOSIOREK,
MARY ANN MILLER, DONALD G. LARDER,
DONNA MIKULA, and BRIAN SCHECTMAN,

                        Defendants.

---

          Pending before the Court is the defendants' joint motion to dismiss the plaintiff's Amended Complaint and Amended Case Statement as untimely filed. Upon dismissing plaintiff's original complaint in this action, the Court granted plaintiff leave to amend his complaint until May 25, 2005. Plaintiff's Amended Complaint and Amended Case Statement were filed on the Court's electronic docket on May 27, 2005.

          Plaintiff contends that the delay in filing the amended pleadings was caused by the Court's electronic filing ("e-filing" or "ECF") system and the Clerk's Office staff. Plaintiff contends that he should have been allowed to file the amended pleadings in paper format, as all previous pleadings in this case have been filed in paper format. Plaintiff also alleges that the Clerk's Office was not

1

helpful in his efforts to e-file the documents.

On May 25, 2005, some time after 5:00 p.m., paper copies of the Amended Complaint and Amended Case Statement were delivered to this Court by an individual who identified himself as a process server.[1] A CD-ROM diskette was also provided. Unfortunately, the paper copies sought to be filed were unsigned and thus, were not in acceptable format for filing. As the process server did not identify himself as plaintiff's or local counsel's employee, the lack of signature could not be remedied at that time. The CD-ROM was taken from the process server, but only the Clerk's Office is capable of opening the electronic files and verifying their compliance with system and format requirements. Upon the Clerk's Office's review of the CD-ROM, it was discovered that the electronic files were not in proper format and could not be filed.[2]

---

[1] The affidavits in opposition to defendants' motion revealed that the process server was Timothy Foley, an employee of the plaintiff, David Knoll.

[2] The diskette contained, as counsel admits, electronic files of the Amended Complaint and the Amended Case Statement without signatures. Also on the diskette was another electronic file with the image of local counsel's signature on the final pages of both amended pleadings. Neither of these electronic files contained documents suitable for filing because the first file lacked a signature on the signature page and the second file, while containing the signature page, lacked the substance of the pleading. The Clerk's Office properly returned the CD-ROM and the paper copies of the amended pleadings to counsel. For an attorney who is not a registered ECF user, the electronic filing process is quite simple. Counsel must sign the pleading, and scan the entire document into a PDF format electronic file and bring a diskette containing the electronic file to the Clerk's Office for filing. Since counsel had to sign copies of the pleadings to be delivered to opposing counsel anyway, the electronic filing process requires two more simple steps. Even if counsel was not capable of performing these operations, an

Despite plaintiff's insistence that this case is not an electronic filing case, this Court's Order of February 6, 2004, effective March 1, 2004, indicates that it is, in fact, an electronic filing case. Documents in all cases, new and existing, as of March 1, 2004 are to be electronically filed. The Court's directive could not be more plain. Regardless of how documents were previously filed in the case, all documents are now to be electronically filed. This can be accomplished remotely by registered users of the ECF system, or locally at the Clerk's Office with the assistance of the Clerk's Office staff.

It now appears that plaintiff's lead counsel, but not his local counsel, has become a registered user of the ECF system. Therefore, this debacle is not likely to be repeated. However, it is incumbent upon each attorney admitted to practice in this Court to be and to remain fully cognizant of all the applicable rules, procedures and practices of this Court. Clearly that has not happened in this case. Counsels' ire should not be directed at the staff of the Clerk's Office who assist numerous attorneys and litigants in availing themselves of the ECF system on a daily basis, but rather at themselves for failing to keep abreast of matters crucial to their business and livelihood.[3]

---

office supply or services retailer could have accomplished this operation in a matter of minutes. Moreover, these steps can be avoided completely by simply registering as a ECF filer.

[3]   The Clerk's Office staff member was correct in informing plaintiff's employee that the documents were required to be filed in electronic form and that the attorneys should have been aware of the requirements.

_____Plaintiff argues that the amended pleadings were transmitted to local counsel in the early afternoon of May 25, 2005, providing ample time to file the documents. Defendants do not dispute that they were served with the Amended Complaint and Amended Case Statement on May 25, 2005. The Court is reluctant to dismiss this action in its entirety because of a two day delay in the electronic filing of plaintiff's amended pleadings, where there was an effort to file the documents on time and defendants have not been prejudiced by the delay as they received the pleadings on the appointed date. Therefore, the Court will accept the filing of the Amended Complaint and Amended Case Statement even though it was not received until May 27, 2005. All counsel is forewarned however, that such delays will not be tolerated in the future.

Defendants' time to answer or otherwise plead with respect to the Amended Complaint shall commence as of the date of this Order.

IT IS SO ORDERED.

/s/ Richard J. Arcara
_____
HONORABLE. RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: July     14    , 2005